IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Crim. Case No. 6:12-cr-10197-JTM-1
                                     Civil Case No.  6:16-cv-01252-JTM

TRACY LAMARK KING,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 64), and on the Government's motion to dismiss the § 2255 (Dkt. 71).

A review of the record shows that defendant filed a prior motion to vacate under § 2255 (Dkt. 57), which was denied by Judge Belot on September 22, 2014. (Dkt. 59). No appeal from that ruling was taken. Defendant's current § 2255 motion thus appears to be a second or successive one. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 must be certified by the appropriate court of appeals – in this instance the Tenth Circuit. There is no showing that defendant has obtained the appropriate authorization. Absent such a showing, defendant's § 2255 must be dismissed for lack of jurisdiction. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until this court has granted the required authorization.").

Although a district court has discretion to transfer a § 2255 to the court of appeals in some circumstances, rather than dismiss the petition, the court concludes defendant's motion should not be transferred because his claims do not meet the requirements of § 2255(h). Specifically, his claims involve neither newly discovered evidence nor a new rule of constitutional law made retroactive by the Supreme Court. As to the latter point, the Supreme Court has now ruled that the advisory sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause, which undermines the premise of defendant's second claim. *See Beckles v. United States*, 137 S.Ct. 886, 890 (2017).

**IT IS THEREFORE ORDERED** this 21st day of July, 2017, that defendant's Motion to Vacate under 28 U.S.C. § 2255 (Dkt. 64) is DISMISSED for lack of jurisdiction. The Government's motion (Dkt. 71), which is based on the ruling in *Beckles v. United States*, 137 S.Ct. 886 (2017), is DENIED as moot.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because

defendant fails to satisfy the applicable standard, the court denies a certificate of appealability.

　　s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE